IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**WILLIAM A. CLUMM,**

    **Plaintiff,**

  **vs.**                                               **Civil Action 2:08-CV-366**
                                                    **Judge Smith**
                                                    **Magistrate Judge King**

**JANNA MANES,** *et al.***,**

    **Defendants.**


**WILLIAM A. CLUMM,**

    **Plaintiff,**

  **vs.**                                               **Civil Action 2:08-CV-567**
                                                    **Judge Smith**
                                                    **Magistrate Judge King**

**JANNA MANES,** *et al.***,**

    **Defendants.**


## ORDER

These are two related cases in which plaintiff, a state prisoner proceeding without the assistance of counsel, asserts state law claims for defamation and the procurement of false testimony in connection with the recision of his parole. Named as defendants in C-2-08-366 are plaintiff's step-daughter and the New York law firm in which she is a partner; named as defendants in C-2-08-567 are these same defendants, as well as an individual referred to only by a first and middle name and whose address is an unspecified location in West Virginia. On June 26, 2009, the United States Magistrate Judge issued an *Order and Report and Recommendation.* Doc. No. 33. This matter is now before the Court on the objections to that *Order and Report and Recommendation* filed by the

defendant law firm and its partner and on plaintiff's motion to reconsider a portion of that *Order and Report and Recommendation*.

**Plaintiff's Motion to Reconsider.** The record in C-2-08-366 reflects the filing of a second amended complaint, Doc. No. 22, which was ordered stricken as unauthorized by the Court or agreed to by defendants. *Order,* Doc. No. 23. Plaintiff asked that the Clerk be directed to correct its characterization of the submission as a second amended complaint and that "any and all judgments" relating to that filing be declared "null." Doc. No. 28, C-2-08-366; Doc. No. 17, C-2-08-567. The United States Magistrate Judge denied that motion, reasoning that the Clerk's characterization of plaintiff's submission as a second amended complaint was not unreasonable in light of the fact that the submission was not a precise duplicate of plaintiff's amended complaint. *Order and Report and Recommendation,* p. 3, Doc. No. 33.

It is not apparent to the Court why plaintiff filed his original motion asking that the Clerk's "clerical mistake" be corrected or why plaintiff seeks reconsideration of the Magistrate Judge's order denying that request. Nevertheless, because the order of the United States Magistrate Judge is neither clearly erroneous nor contrary to law, *see* 28 U.S.C. §636(b), F.R. Civ. P. 72(a), plaintiff's motion to reconsider is **DENIED.**

**Defendants' Objections.** The two named defendants filed motions to dismiss the actions for failure to timely effect service of process. Doc. Nos. 11, 12, 31, 32, C-2-08-366; Doc. Nos. 5, 6, 18, 19, 20, C-2-08-567. The United States Magistrate Judge recommended that these motions to dismiss be denied because, in C-2-08-366, service of process was in fact completed within 120 days after the date the Court directed the United

2

States Marshal to effect service of process and, in C-2-08-567, no order directing service of process by the United States Marshal had been entered. *Report and Recommendation,* p. 4, Doc. No. 33. Because Rule 4(c)(3) of the Federal Rules of Civil Procedure requires that the Court order service of process when the plaintiff is proceeding *in forma pauperis,* the United States Magistrate Judge reasoned, the failure to effect service of process within 120 days after the filing of the complaints in the two actions should not be attributed to the plaintiff. *Id.*

In their objections, defendants insist that plaintiff could have done more to effect service of process by the United States Marshal Service, even absent a court order. Having carefully reviewed the *Report and Recommendation* and the reasoning reflected therein, the Court agrees that the claims asserted in these actions are not subject to dismissal for failure to effect service of process within 120 days of the filing of the complaints. Accordingly, the objections to the *Report and Recommendation* are **DENIED.**

**WHEREUPON,** the motions to dismiss, Doc. Nos. 11, 12, 31, 32, C-2-08-366; Doc. Nos. 5, 6, 18, 19, 20, C-2-08-567, are **DENIED.**

The *Order* of the Magistrate Judge and the instant *Order* resolve all motions currently outstanding in these cases. The Clerk is **DIRECTED** to **REMOVE** all such motions from the Court's pending motions list.

        *s/George C. Smith*
George C. Smith, Judge
United States District Court