**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WILLIAM A. CLUMM,**
    **Plaintiff,**

    **v.**     **Case No. 2:08-CV-366**
    **JUDGE SMITH**
**JANNA MANES, et al.,**     **MAGISTRATE JUDGE KING**
    **Defendants.**

---

**WILLIAM A. CLUMM,**
    **Plaintiff,**

    **v.**     **Case No. 2:08-CV-567**
    **JUDGE SMITH**
**JANNA MANES, et al.,**     **MAGISTRATE JUDGE KING**
    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the *Motion to Dismiss* filed on behalf of Defendant Stroock & Stroock & Lavan, LLP, Doc. No. 50, case no. 08-366; Doc. No. 39, case no. 08-567. The Court also considers Plaintiff's *Motion to Compel*, Doc. No. 59, case no. 08-366 and Doc. No. 47, case no. 08-567, as that motion relates to this Defendant.

Plaintiff, William A. Clumm ["Plaintiff"], an inmate at the Chillicothe Correctional Institution, brings this action against Janna Manes, Esq., and the law firm Stroock & Stroock & Lavan, LLP, for claims of alleged libel, slander, defamation, and violation of O.R.C. § 2921.13(F). Stroock & Stroock & Lavan, LLP, is a limited liability partnership under New York law. Defendant Manes is a partner in the firm's New York office and is a resident of the State of

New York. The Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.

Plaintiff, the step-father of Defendant Manes, is incarcerated for the murder of his wife, Defendant Manes' mother. *See* Doc. No. 12 at 2. The Ohio Adult Parole Authority apparently recommended that Plaintiff be released from prison but Defendant Manes and her half sister sought reconsideration of the decision. Plaintiff's parole was rescinded and Plaintiff remains incarcerated. *Complaint*, at 2, Doc. No. 6, case no. 08-366; *Complaint*, at 2, Doc. No. 8, case no. 08-567.

The *Complaints* in both cases are identical, except that case no. 08-567 also names "Andrea," Defendant Manes' half-sister, as a defendant. Plaintiff alleges that the Defendants "locat[ed] parties to give false testimony either by misleading or paying them to do so in order to cause the Ohio Adult Parole Authority to illegally rescind the plaintiff's parole through the media of television, newspapers, internet websites and . . . false testimony . . . ." *Complaints*, at 1. Plaintiff claims that the "smear campaign" has resulted in an additional ten years incarceration to him. *Complaints*, at 2.

## II.

Defendant Stroock & Stroock & Lavan, LLP, the firm in which Defendant Manes is a partner, moves to dismiss the *Complaint* in both cases on the basis of lack of personal jurisdiction. The Defendant firm argues that, since it conducts no business in the State of Ohio, the Court cannot exercise personal jurisdiction. This Defendant further argues that it cannot be held liable for the allegations which Plaintiff raises against Defendant Manes. Plaintiff asks that this Defendant be compelled to respond to jurisdiction-related discovery.

**A. Plaintiff's Motion to Compel as It Relates to the Defendant Law Firm**

Plaintiff moves to compel discovery from Defendant Stroock & Stroock & Lavan, LLP, to "(1) determine the extent of the defendant's involvement with the actions complained off [*sic*], (b) to determine whether or not the defendant had/was involved with a web site located in Ohio [which] would constitute a physical presence in Ohio for jurisdiction purposes." Doc. No. 59 at 1.

**Standard of Review**

Rule 37 permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.

Plaintiff has not certified that a good faith effort was made to obtain the discovery sought without court intervention. The Court will nevertheless address the merits of Plaintiff's motion, as it relates to the Defendant law firm, since it appears that the parties cannot resolve the matter without court intervention.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a

plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007), quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio September 25, 2006), citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D. D.C. 1999).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

**Analysis**

In response to the Plaintiff's motion, Defendant Stroock & Stroock & Lavan, LLP, notes that it was never served with a request for production under Rule 34. Indeed, Plaintiff does not identify whether an initial request for production was made. In any event, this Defendant objects to production for the reasons articulated in connection with its *Motion to Dismiss* for lack of personal jurisdiction.

The Court's review of the Declaration of Bruce H. Schneider, offered in support of the Defendant law firm's *Motion to Dismiss,* reveals that the Defendant firm conducts no business in

the State of Ohio. Further, it appears that the Defendant firm has no connection to this action aside from employing Defendant Manes in a capacity entirely unrelated to Plaintiff. In Ohio, the liability of an employer for the acts of an employee is determined under the doctrine of *respondeat superior*. Under this doctrine, the test "is not whether a given act was performed during the existence of the agent's employment, but whether such act was done by the agent while engaged in the service of, and while acting for the principal, in the prosecution of the latter's business." *Mider v. U.S.*, 322 F.2d 193, 197 (6th Cir. 1963). While the determination of scope of employment is generally a question of fact, the issue can be resolved as a matter of law "when reasonable minds can come to but one conclusion. . . ." *Osborne v. Lyles*, 63 Ohio St.3d 326, 330 (1992).

In this case, there are no allegations to support a claim that Defendant Manes acted in her capacity as a partner of the Defendant law firm in addressing the Ohio Adult Parole Authority. Indeed, Defendant Manes, acting in her individual capacity, hired an attorney to represent her before the parole board. In the Court's view, there is no basis for potential liability against Defendant Stroock & Stroock & Lavan, LLP, in this action. In addition, the fact that the Defendant firm maintains a website that can be accessed in Ohio does not provide a basis for personal jurisdiction in this court. *See Parshall v. PAID, Inc.*, No. 07AP-1019, 2008 WL 2553098 at *3 (Ohio App. June 26, 2008). For these reasons, the Court concludes that Plaintiff's request to compel discovery from the Defendant law firm is not warranted. To the extent that Plaintiff's *Motion to Compel*, Doc. No. 59, case no. 08-366 and Doc. No. 47, case no. 08-567, relates to the Defendant law firm, that motion is without merit.

The Court will therefore proceed to consider the merits of the motion to dismiss filed on

behalf of the Defendant law firm.

**B. Motion to Dismiss**

### Standard of Review

When a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is filed, a plaintiff has the burden of establishing personal jurisdiction over the moving defendant. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991). If no hearing is conducted, the court must consider the pleadings and affidavits in the light most favorable to the plaintiff. *Intera Corp. v. Henderson*, 428 F.3d 605, 614 (6th Cir. 2005). Under these circumstances, the plaintiff need only make a *prima facie* showing of jurisdiction. *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

In a diversity action, personal jurisdiction over a defendant is determined by the law of the forum state. *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 224 (6th Cir. 1972). A federal court may exercise personal jurisdiction only if the defendant is amenable to service under the state's long-arm statute and if the exercise of personal jurisdiction does not offend the defendant's right to due process. *See Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002); *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000). Ohio's long-arm statute does not reach as far as due process permits, so an analysis of both state and federal due process is required. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998).

When jurisdiction is founded on the long-arm statute, the cause of action must arise from at least one of the criteria set forth in the statute. These criteria include transacting business and causing tortious injury in Ohio. *See* O.R.C. § 2307.382(A).

In order to satisfy due process requirements, a defendant must have certain "minimum

contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2002), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Further, the defendant must have "purposely avail[ed] himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The United States Court of Appeals for the Sixth Circuit utilizes a three-part test for determining whether the particular circumstances in any case provide sufficient contact between a non-resident defendant and the forum state to support the exercise of personal jurisdiction:

> First, the Defendant must purposely avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the Defendant's activities there. Finally, the acts of the Defendant or consequences caused by the Defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the Defendant reasonable.

*Southern Machine Co. v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir. 1968). Each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked. *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293 (6th Cir. 1989).

The first step of the three part analysis requires an inquiry into whether the moving defendant has acted or caused consequences within the forum state. The "purposeful availment" requirement "ensures that a defendant will not be haled into a jurisdiction as a result of 'random,'

7

'fortuitous,' or 'attenuated' contacts or of the 'unilateral activity of another party or third person.'" *Third National Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087 (6th Cir. 1989), quoting *Burger King*, 471 U.S. at 475.  In assessing a defendant's contacts with the forum state, "[i]t is the 'quality of contacts,' and not their number or status, that determines whether they amount to purposeful availment." *Reynolds v. International Amateur Athletic Federation*, 23 F.3d 1110, 1119 (6th Cir. 1994).

The second step of the analysis considers whether the cause of action arises out of or is related to the defendant's contacts with the forum state.  "If a Defendant's contacts with the forum state are related to the operative facts of the controversy, then the action will be deemed to have arisen from those contacts." *Bird*, 289 F.3d at 875, quoting *Compuserve, Inc.*, 89 F.3d 1257, 1267 (6th Cir. 1996).

The third part of the analysis considers whether a defendant's conduct establishes a "substantial enough connection with the forum state to make the exercise of jurisdiction over the Defendant reasonable." *Southern Machine*, 401 F.2d at 381.  This requires a determination of whether the Court's exercise of jurisdiction would offend "traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316, and whether the defendant's conduct relating to the forum was such that he should reasonably anticipate being haled into court here. *World-Wide Volkswagen*, 444 U.S. at 297.  In making this determination, the court considers factors such as the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies. *Theunissen*, 935 F.2d at 1462, citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987).  When the first two elements of the *Southern Machine* test

have been met, an inference arises that the third element is also present. *Theunissen*, 935 F.2d at 1461.

When examining the limits of personal jurisdiction, a distinction is made between "general" jurisdiction and "specific" jurisdiction. General personal jurisdiction exists where a defendant's contacts with the forum state are so "continuous and systematic" that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state. Specific personal jurisdiction exists where the claims in a case arise from or relate to a defendant's contacts with the forum state. *Intera Corp.*, 428 F.3d at 616.

**Analysis**

In this case, general personal jurisdiction over Defendant Stroock & Stroock & Lavan, LLP, does not exist. There is simply no evidence of "continuous and systematic" contacts with Ohio by the Defendant law firm so as to warrant the exercise of general personal jurisdiction. Thus, the Court must consider whether the exercise of specific personal jurisdiction is permissible under Ohio's long-arm statute and whether such jurisdiction comports with the limits of due process.

Defendant argues that it is not subject to jurisdiction under the Ohio long-arm statute, R.C. § 2307.382. The statute provides:

> (A) a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>  (1) Transacting any business in this state;
>    (2) Contracting to supply services or goods in this state;
>     (3) Causing tortious injury by an act or omission in this state;
>      (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

9

   (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
   (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;
   (8) Having an interest in, using, or possessing real property in this state;
   (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

O.R.C. § 2307.382(A).

The Court agrees that there is no basis for the exercise of jurisdiction over Defendant Stroock & Stroock & Lavan, LLP, under Ohio's long-arm statute. The declaration of Bruce H. Schneider, co-General Counsel of this Defendant, demonstrates that the law firm has no offices in the State of Ohio, it has no attorneys that reside in the State of Ohio, and it has no attorneys admitted to practice in this state. *Schneider Declaration*, Doc. No. 51, ¶¶ 3, 4. Indeed, the only connection which the Defendant law firm has to this case is that Defendant Manes is a partner in this law firm.

Plaintiff contends, however, that the long-arm statute is satisfied by virtue of the Defendant law firm's use of the Internet and because Defendant Manes allegedly "cloak[ed] [herself] in reputation of Stroock." Doc. No. 55, case no. 08-366, at 1. Plaintiff fails to articulate any action that Defendant Manes took in connection with his parole hearing in her capacity as a partner at the Defendant law firm. Her actions in that regard instead appear to have been undertaken in only her individual capacity. Furthermore, the fact that the Defendant law firm

maintains a website and uses the internet does not provide a basis for the exercise of personal jurisdiction under Ohio's long-arm statute. *See Parshall v. PAID, Inc.*, No. 07AP-1019, 2008 WL 2553098 at *3 (Ohio App. June 26, 2008).

In sum, the Court concludes that it cannot exercise jurisdiction over Defendant Stroock & Stroock & Lavan, LLP, under Ohio's long-arm statute. Since the requirements of Ohio's long-arm statute have not been satisfied, there is no need to consider whether the requirements of due process pose a further limitation on the exercise of personal jurisdiction in this case. *See Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006). The *Motion to Dismiss* is meritorious.

### III.

As it relates to Defendant Stroock & Stroock & Lavan, LLP, Plaintiff's *Motion to Compel*, Doc. No. 59, case no. 08-366 and Doc. No. 47, case no. 08-567 is **DENIED**. The *Motion to Dismiss* of Defendant Stroock & Stroock & Lavan, LLP, Doc. No. 50, case no. 08-366; Doc. No. 39, case no. 08-567, is **GRANTED**. This Defendant is **DISMISSED** from this action. **IT IS SO ORDERED.**

            *s/George C. Smith*
            George C. Smith, Judge
            United States District Court