## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**WILLIAM A. CLUMM,**

      **Plaintiff,**

    **v.**                                 **Case Nos.**     **2:08-CV-366**
                                                         **2:08-CV-567**
                                                 **JUDGE SMITH**
**JANNA MANES,** *et al.,*                       **MAGISTRATE JUDGE KING**

      **Defendants.**

## OPINION AND ORDER

Plaintiff, an inmate at the Chillicothe Correctional Institution who is proceeding without the assistance of counsel, alleges that his daughter and step-daughter unlawfully caused the rescission of Plaintiff's parole.[1]  Plaintiff asserts claims under Ohio law for slander, libel, defamation, tort and violation of R.C. § 2921.13(F).[2]  Defendant Manes filed a *Motion for Summary Judgment* on Plaintiff's claims.  Doc. No. 61 (2:08-CV-366) and Doc. No. 50 (2:08-CV-567).  The Magistrate Judge recommended that this motion be granted.  *Order and Report and Recommendation*, Doc. No. 81 (2:08-CV-366) and Doc. No. 70 (2:08-CV-567).  Plaintiff  filed an *Objection* to the Magistrate Judge's decision, Doc. No. 82 (2:08-CV-366),[3] and Defendant Manes filed a response to Plaintiff's *Objection*.  *Response*, Doc. No. 83 (2:08-CV-366) and Doc. No. 71 (2:08-CV-567).  The Court now considers the merits of Plaintiff's *Objection*.  The Court will review the record *de novo*.  *See* 28 U.S.C. §636(b); Fed. R. Civ. P. 72(b).

---

[1]Plaintiff is incarcerated for the murder of his wife, the mother of Defendant Janna Manes, Plaintiff's step-daughter, and Plaintiff's daughter, who is identified in 2:08-CV-567 only as  "Andrea Francine."

[2]All other claims have been dismissed.

[3] Plaintiff's *Objection* was filed only in 2:08-CV-366.

Plaintiff's release on parole had been recommended but was rescinded after a hearing and prior to his actual release.  Plaintiff alleges that defendant Manes and "Andrea Francine"  made statements "falsely [accusing] plaintiff of numerous crimes and [misdemeanors] and misleading and/or [giving] false statements in order to cause plaintiff harm, both on the internet, various newspaper stories and interviews before the victim's advocacy board in order to get plaintiff's parole rescinded . . . ."  . *Amended Complaint*, at 2 (2:08-CV-366); *Complaint*, at 2 (2:08-CV-567).  As the Magistrate Judge noted, "[d]efamation is the unprivileged publication of a false and defamatory matter about another." *McCartney v. Oblates of St. Francis deSales*, 80 Ohio App.3d 345, 353 (1992).  The Magistrate Judge concluded, *inter alia*, that any statements made by Defendants at Plaintiff's parole hearing were absolutely privileged because that hearing was a judicial or quasi-judicial proceeding.  *Report and Recommendation*, at 7.  According to Plaintiff, this conclusion "flies in the teeth of all cited Ohio law." *Objection*, Doc. No. 82, at 1 (2:08-CV-366).  This Court agrees that parole hearings are, under Ohio law, judicial or quasi-judicial proceedings.  *State ex rel. McKee v. Cooper,* 40 Ohio St. 2d 65, 68 (1974)(" . . . the act of holding a hearing to decide whether one convicted of a crime shall be held in confinement or granted parole constitutes an exercise of judicial or quasi-judicial power; it is precisely the act which a judge performs when he pronounces sentence, and the hearing itself results in decisions which affect fundamental rights of the prisoner").  Statements made by Defendants at Plaintiff's parole hearing were thus absolutely privileged and cannot form the basis of a defamation claim.

The Magistrate Judge also concluded that statements allegedly made by Defendants to various media sources did not constitute defamation:

> Plaintiff's evidence of such alleged statements, *i.e.*, photocopies of newspaper articles, is unauthenticated and is therefore inadmissible. More significant, however, is the fact that Plaintiff has been found guilty, beyond a reasonable doubt, of the murder of his wife and Defendants' mother.  That conviction stands.  To the extent that either Defendant may have characterized Plaintiff as a murderer, then, this Court will not permit Plaintiff to challenge that characterization in the context of a defamation

> claim.  To the extent any statement made by either Defendant reflects their opinions of Plaintiff, moreover, such statements are not actionable under Ohio law.  *See* Section II, Article I of the Ohio Constitution ("Every citizen may freely speak, write, and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press."); *Vail v. The Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 281 (1995). . . .

*Order and Report and Recommendation*, Doc. No. 81, at 9 (2:08-CV-366) and Doc. No. 70, at 9 (2:08-CV-567).  For the reasons stated by the Magistrate Judge, this Court agrees that Defendants are entitled to summary judgment on Plaintiff's claims.[4]

The *Report and Recommendation*, Doc. No. 81 (2:08-CV-366) and Doc. No. 70 (2:08-CV-567) is **ADOPTED and AFFIRMED**.  Plaintiff's *Objection*, Doc. No. 82 (2:08-CV-366) is **DENIED**.  The *Motion for Summary Judgment*, Doc. No. 61 (2:08-CV-366) and Doc. No. 50 (2:08-CV-567) is **GRANTED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants and against Plaintiff.


**IT IS SO ORDERED.**

           */s/ George C. Smith*
         **GEORGE C. SMITH, JUDGE**
         **UNITED STATES DISTRICT COURT**

---

[4] Plaintiff also misapprehends a statement of the Magistrate Judge.  The Magistrate Judge did not find that Plaintiff conceded the legality of the rescission of his parole.  Rather, the Magistrate Judge merely observed – correctly – that Plaintiff conceded that his complaint for a writ of prohibition was dismissed by the Ohio Supreme Court.  *Report and Recommendation*, at 8 n. 6.  Plaintiff's objection in this regard is without merit.